UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA CHAPDELAINE,<br><br>Plaintiff,<br><br>v.<br><br>GOLD CLUB-SF, LLC, et al.,<br><br>Defendants. | Case No. 24-cv-04304-TSH<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

On July 17, 2024, Plaintiff Jessica Chapdelaine filed suit against Gold Club – SF, LLC; SFBSC Management, LLC; S.A.W. Entertainment Limited; Garden of Eden, LLC; Bijou-Century, LLC; and Déjà Vu – San Franscisco, LLC, alleging claims for: (1) failure to provide rest periods pursuant to Cal. Lab. Code §§ 226.7 & 512; (2) failure to provide required meal periods pursuant to Cal. Lab. Code §§ 226.7& 512; (3) failure to pay minimum wages pursuant to Cal. Lab. Code § 1194, 1194.2, 1197& 1197.1; (4) failure to pay overtime wages pursuant to Cal. Lab. Code §§ 510, 1194, & 1198; (5) failure to reimburse business expenses pursuant to Cal. Lab. Code § 2802; (6) failure to pay wages when due pursuant to Cal. Lab. Code § 204, 210; (7) failure to pay wages upon termination pursuant to Cal. Lab. Code § 201 and 203; (8) tip pool conversion pursuant to Cal. Lab. Code §§ 350, 351, 353; (9) failure to provide accurate, itemized wage statements pursuant to Cal. Lab. Code §§ 226; 226.3;1174.5; (10) hostile work environment – sexual harassment pursuant to Cal. Gov. Code, §§ 12923, 12940(j)); (11) failure to prevent harassment pursuant to Cal. Gov. Code, § 12940(k)); (12) retaliation pursuant to Gov. Code, § 12940(h); (13) retaliation pursuant to Cal. Lab. Code § 98.6; and (14) recovery of civil penalties under the Private Attorney General Act pursuant to Cal. Lab. Code §§ 2698 et seq.  Compl. ¶¶ 89–179, ECF No. 1.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal quotation marks and citations omitted); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction").

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." *Id.* § 1332(a)(1)-(2). When jurisdiction is based on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

In the complaint, Plaintiff avers that the Court has diversity jurisdiction under 28 U.S.C. § 1332, as Plaintiff is a citizen of the State of California and Defendants are Nevada business entities. Compl. ¶ 34; ECF No. 1-1 (Civil Cover Sheet). However, Plaintiff names as a Defendant S.A.W. Entertainment Limited, which is a California corporation registered with the California Secretary of State as file No. 1122049. Compl. ¶ 9; ECF No. 1-2 at 3. Complete diversity thus does not appear to exist between the opposing parties. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated").[1]

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of jurisdiction. Plaintiff shall file a written response to this Order by September 19, 2024. Failure to do so will result in dismissal of this action for lack of subject matter

---

[1] Neither does federal question jurisdiction seem to exist, as every cause of action arises under state law. There is an exception to the complete diversity requirement for class actions in which the matter in controversy exceeds $5,000,000 (28 U.S.C. § 1332(d)(2)(A)), but this case doesn't seem to be a class action, and Plaintiff does not allege that the matter in controversy exceeds $5,000,000.

1  jurisdiction. Defendants may file a response to Plaintiff's brief by September 26, 2024. Plaintiff
2  may file a reply by October 3, 2024. In the meantime, the September 26, 2024 hearing on
3  Defendants' motion to dismiss is **VACATED**.

**IT IS SO ORDERED.**

Dated: September 12, 2024

_____
THOMAS S. HIXSON
United States Magistrate Judge